**FILED**

NOT FOR PUBLICATION

DEC 11 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 06-10152 |
| Plaintiff - Appellee, | D.C. No. CR-04-00197-1-HG |
| v. | |
| DAVID LANG AKANA, aka: "Kawika" and "Uncle", | MEMORANDUM[*] |
| Defendant - Appellant. | |

**RECEIVED**
CLERK, U.S. DISTRICT COURT
JAN 0 9 2007
3:55pm
DISTRICT OF HAWAII

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted December 7, 2006[**]
San Francisco, California

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

David Lang Akana appeals the district court's denial of his motion to suppress and its denial of his motion to sever.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

Appellant contends that the district court erroneously denied his motion to suppress the evidence seized on April 22, 2004, because the Hawaii County Police Department ("HCPD") lacked probable cause to conduct the warrantless search of his vehicle.[1] The vehicle exception allows for a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or evidence of criminal activity. *Chambers v. Maroney*, 399 U.S. 42, 50-52 (1970). Probable cause exists when, under the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Under a valid search warrant, HCPD officers searched the residence of Michael Delos Santos, and found a tube containing methamphetamine on a grill next to where Santos was standing and Akana was seated. Akana had just arrived at Delos Santos's house, he was found sitting next to the grill, and his car was parked immediately nearby. HCPD Ernest Saldua, who ordered the warrantless search of Akana's vehicle, knew that Akana was a suspected methamphetamine

---

[1] Whether probable cause supports a warrantless search of an automobile is a question of law reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

trafficker and that Santos was possibly one of his customers. There was a warrant to search Santos's residence, and once drugs were found there, it was not unreasonable to think that Akana's car had contraband in it. Under the totality of the circumstances, there was a fair probability that searching the vehicle would yield contraband or evidence of criminal activity, and hence there was no error in searching Akana's vehicle without a warrant.

Appellant next argues that the district court erred by failing to sever Counts 1, 2, and 3 from Count 4 of the first superseding indictment.[2] Federal Rule of Criminal Procedure 8(a) allows a joinder of offenses in an indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). In determining a misjoinder motion, a "district court should examine only those allegations in the indictment." *United States v. Rousseau*, 257 F.3d 925, 931 (9th Cir. 2001).

Here, Counts 1 through 4 each charged Akana with violations of possession of a controlled substance with intent to distribute. Those charges are of the same or similar character and are properly joined. *See Rousseau*, 257 F.3d at 932.

---

[2] We review a district court's decision to consolidate counts de novo. *See United States v. Douglass*, 780 F.2d 1472, 1477 (9th Cir. 1986).

Even if we found that the offenses were improperly joined, we would reverse only if the misjoinder "result[ed] in actual prejudice because it had [a] substantial and injurious effect or influence in determining the jury's verdict." *United States v. Lane*, 474 U.S. 438, 449 (1986) (internal quotation marks and citation omitted). Joinder of these offenses was not prejudicial. The district court correctly concluded that under Federal Rule of Evidence 404(b), evidence of Counts 1, 2, and 3 would be admissible in a trial for Count 4, and vice versa, to show intent, knowledge, or lack of mistake or accident. Moreover, the district court gave a limiting instruction to the jury directing the jury that they could only consider the 404(b) evidence for the limited purpose of determining Akana's intent, knowledge, absence of mistake, or accident. Joinder of the offenses was proper.

**AFFIRMED.**